Paul H. JONES, Relator,

v.

The Honorable James S. CORCORAN, Judge of the Circuit Court of the City of St. Louis, Respondent.

No. 44241.

Missouri Court of Appeals, Eastern District, Division Four.

Sept. 22, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 20, 1981.

Godfrey, Vandover, Burns, Inc., Samuel T. Vandover, St. Louis, for relator Jones.

Godfrey P. Padberg, St. Louis, for relator Wm. & Marla Grothaus.

William James, St. Louis, for respondents Dennis Wynne & Phillips Transit Co.

Kemper Coffelt, Clayton, for respondents U. S. Steel and Paul H. Jones.

SMITH, Presiding Judge.

This prohibition case requires us to address another problem created by the "secure, predictable, and effective" law of joint and concurrent tortfeasor liability enunciated in *Missouri Pacific R. Co. v. Whitehead & Kales Co.*, 566 S.W.2d 466 (Mo. banc 1978).

The underlying lawsuit, to which our preliminary writ was directed, is an action for wrongful death and personal injury resulting from a three vehicle collision. Plaintiffs [1] joined in that action as defendants (1) Jones, a truck driver, (2) U. S. Steel, his employer, (3) Wynne, a truck driver, and (4) Phillips Transit, his employer.[2] Jones and U. S. Steel filed cross-claims against Wynne and Phillips seeking indemnity or apportionment under *Missouri Pacific R. Co. v. Whitehead & Kales Co., supra.* Wynne and Phillips filed cross-claims against Jones and U. S. Steel also seeking indemnity or apportionment. Jones then filed a separate cross-claim against Wynne and Phillips for his personal injuries sustained in the accident. Plaintiffs moved for severance for trial of Jones' personal injury claim. At or before argument on that motion, plaintiffs dismissed their actions against Jones and Wynne. The court granted the motion for severance, and our preliminary writ followed.

Concededly the trial court's action was discretionary (Rule 66.02). Prohibition does not issue to review discretionary rulings unless they amount to an abuse of discretion so great as to be an act in excess of jurisdiction, and are such as to create injury irremedial on appeal. *State ex rel. Allen v. Yeaman*, 440 S.W.2d 138 (Mo.App. 1969) [6–9]. Jones seeks to meet that standard by contending that the trial of plaintiffs' claims and the indemnity and apportionment cross-claims will, if they are determined adversely to U. S. Steel and himself,

preclude him from subsequently litigating his personal injury claim because of the doctrines of res judicata and collateral estoppel. We will examine that contention.

First as to res judicata: That doctrine, sometimes referred to as claim preclusion, bars the same parties or their privies from relitigating the same cause of action. *Oates v. Safeco Ins. Co. of America*, 583 S.W.2d 713 (Mo. banc 1979) [8]. As to plaintiffs' suit, Jones is not a party. Nor is he in "privity" with his employer as to that claim. *Womach v. City of St. Joseph*, 201 Mo. 467, 100 S.W. 443 (1907); *McDonald v. F. W. Woolworth*, 135 S.W.2d 359 (Mo.App.1939) [7]. As to the cross-claims for indemnity and apportionment, Jones is a party but his claim for personal injury is not the same cause of action as encompassed by the cross-claims. We see no danger to Jones from the doctrine of res judicata.

A different problem exists however as to collateral estoppel—issue preclusion. In *Oates v. Safeco Ins. Co. of America, supra*, [10–11], the Supreme Court officially accepted the defensive utilization of collateral estoppel by a stranger to the original litigation against a party (or privy) to that litigation, thereby eliminating the requirement of mutuality of estoppel. *See also LaRose v. Casey*, 570 S.W.2d 746 (Mo.App.1978). Even under *Oates* collateral estoppel would not apply as to Jones in connection with plaintiffs' claims because that would be allowing its use by a party (Phillips) against a stranger (Jones), the opposite of *Oates*.

However, Jones is a party to the indemnity and apportionment cross-claims [3] and resolution of those claims will require a determination of the issue of Jones' negligence as well as of Wynne's. Those issues are the key issues to be litigated in Jones' personal injury action. Normally, resolution of those issues in one trial would preclude their relitigation in another trial involving the same

---

1. References to the parties will be by their designation in the underlying suit.

2. Plaintiffs also joined an alleged second employer of Jones, but for unrelated procedural reasons that defendant is unimportant to the present case.

3. We have referred to these as "cross-claims." Upon plaintiffs' dismissal of Jones and Wynne their status as parties terminated and the "cross-claims" by and against each should more properly be delineated third party claims. *See* Rules 52.11 and 55.32(f).

parties. *Prentzler v. Schneider*, 411 S.W.2d 135 (Mo. banc 1966) [2, 3]. We do not feel that it is proper for us to definitively decide on this writ whether collateral estoppel would apply if Jones is found negligent or Wynne is found non-negligent upon trial of the indemnity or apportionment claims. We conclude that, because, in *Oates v. Safeco Ins. Co. of America, supra,* the court determined that application of the rule of collateral estoppel was to be reviewed on a case-by-case, issue-by-issue basis of the appropriateness of applying the doctrine. The review would entail certain guidelines set forth in *Oates* and consideration of the "equities of the particular situation." We are aware that *Oates* arose in the posture of use of the doctrine by a stranger to the original proceeding. We do not, however, believe *Oates* is limited to that situation. The question of "when" the doctrine is to be applied appears far more important to that decision than the question of "who" may utilize it. *See Peoples-Home Life Ins. Co. v. Haake,* 604 S.W.2d 1 (Mo.App.1980) [11]. The stress in *Oates,* as well as *Peoples-Home Life,* is that the party to be estopped has had a "full and fair" opportunity to litigate the issues.[4]

We note here that Jones' claim for personal injury is included in this lawsuit more or less on an involuntary basis. He is not a party to plaintiff's cause of action. In the absence of the indemnity and apportionment claims it would be unnecessary for him to file his personal injury action in this case or to be a party to the litigation.

However, under *Whitehead & Kales,* Phillips had the right to seek apportionment and to join Jones. U. S. Steel had the right to seek apportionment and join Wynne. Phillips and Wynne became "opposing parties" to Jones when a request for apportionment against Jones was filed, triggering the provisions of Rule 55.32(a). Those provisions make the Jones' personal injury claim a compulsory counterclaim.

At the time of the trial of Jones' claim the trial court will be in a position to make the case-by-case, issue-by-issue review of the applicability of the doctrine of collateral estoppel called for in *Oates,* if indeed the verdict in plaintiffs' case makes that review necessary. The trial court's determination of such applicability will be subject to review on appeal.

The trial court here has made a discretionary ruling. We find no abuse of that discretion nor any irremedial injury to Jones.

The preliminary writ of prohibition is quashed.

STEWART and SIMON, JJ., concur.

---

4. Jones' concern here is a practical one created by the *Whitehead & Kales* trip halfway down the road to comparative negligence. It is quite likely that juries, despite instructions to the contrary, utilize a comparative negligence approach in determining whether a party should recover. Normally this creates little problem, for the parties receive "jury justice." *Whitehead & Kales,* however, has provided for comparative negligence where multiple defendants are concerned, but retains traditional negligence concepts as to a plaintiff's claim. When a defendant, such as Jones, has his own cause of action against a co-defendant which has been severed for trial, *Whitehead & Kales* requires that the jury in determining apportionment specifically make a finding of Jones' degree of fault in the collision. A finding of even 1% of that fault denies Jones recovery for personal injuries against his co-defendant under traditional concepts of negligence still applicable to him as a plaintiff. The jury must make the determination without knowledge that in assessing minimal fault to Jones it is foreclosing him from recovery under traditional negligence concepts if traditional collateral estoppel is applied. Theoretically this is justifiable if one believes that juries scrupulously follow instructions and deny recovery to a plaintiff who is slightly negligent; practically it denies Jones the same type of "jury justice" normally afforded to a plaintiff. Under traditional negligence concepts or under comparative negligence concepts, Jones is protected. Under the hybrid created by *Whitehead & Kales,* he is not.