**Debra S. THROOP,
Plaintiff-Respondent,**

**v.**

**Billy Fred JOHNSON,
Defendant-Appellant.**

**No. 14445.**

Missouri Court of Appeals,
Southern District,
Division One.

Nov. 17, 1986.

Kenneth L. Dement, Jr., Sikeston, for defendant-appellant.

Joseph P. Fuchs, Demster, Fuchs, Barkett & Pruett, Sikeston, for plaintiff-respondent.

GREENE, Presiding Judge.

Debra Sue Throop sued Billy Fred Johnson for damages caused to her by reason of an accident in which an automobile driven by Debra was struck by a school bus driven by Johnson.

The accident occurred at the "T" intersection of Mitchell and Malone Streets in Sikeston, Missouri, when the bus, driven in an easterly direction on Malone by Johnson, turned north onto Mitchell Street, thus making a left-hand turn, and struck Throop's car, which she was driving in a southwesterly direction on Mitchell Street. It was Debra's theory that in so doing, Johnson was negligent because he did not stay in his proper lane of traffic while making the turn. Debra's verdict directing instruction (No. 6), reads as follows:

Your verdict must be for plaintiff and you must assess a percentage of fault to defendant if you believe:

First, defendant in approaching the intersection intending to turn left failed to drive his automobile in the portion of the right half of the roadway nearest the center line, and

Second, defendant was thereby negligent, and

Third, as a direct result of such conduct, plaintiff sustained damage unless you believe plaintiff is not entitled to recover by reason of Instruction No. 7.

Johnson's converse instruction (No. 7) prepared and submitted by his attorney, reads as follows:

Your verdict must be for defendant Billy Fred Johnson and you must assess a percentage of fault to plaintiff Debra S. Throop if you believe:

First either:

Plaintiff Debra S. Throop failed to keep a careful lookout, or

Plaintiff Debra S. Throop's automobile was on the wrong side of the road, or

Plaintiff Debra S. Throop failed to yield the right-of-way, or

Plaintiff Debra S. Throop stopped her automobile in a lane reserved for moving traffic.

Second, plaintiff Debra S. Throop in any one or more of the respects submitted in paragraph first, was thereby negligent, and

Third, such negligence of plaintiff Debra S. Throop directly caused or directly contributed to cause damage to plaintiff Debra S. Throop.

The term "failed to yield the right-of-way" used in instruction No. 7 was not defined in any instruction. The jury returned a verdict for Johnson. Debra filed a motion for new trial which was sustained by the trial court.

In its order granting a new trial, the trial court found, among other things, that since

Johnson chose to submit failure to yield the right-of-way, as one of the reasons why Debra should not recover, he was charged with a mandatory duty to define such term, and that since he did not, such failure was prejudicial error.

On appeal, Johnson admits that he failed to define the term in an instruction, but argues that since Debra did not object to the absence of such a definitive instruction at the time of the instruction conference, but raised the issue for the first time in her motion for new trial, that any objection she may have had to such omission was waived. He further opines that since the omission was not caught by either plaintiff's counsel or the trial court prior to submission of instruction to the jury, that there was little likelihood that the jury was confused, or misled. As an aid to his appellate reasoning, Johnson's counsel cites *Fowler v. Park Corp.*, 673 S.W.2d 749 (Mo. banc 1984), and *Hudson v. Carr*, 668 S.W.2d 68 (Mo. banc 1984). His reliance on the doctrines expressed in those cases, as applied to the facts here, is misplaced.

MAI3d 17.08 approves the usage in a verdict director or converse submission of negligence of the phrase, "Defendant failed to yield the right-of-way." Notes on Use to MAI3d 17.08, specifically state: "The appropriate right-of-way definition *must* be used in conjunction with this submission." (Emphasis added.) MAI3d 14.-01–14.08 contain various definitions of yield the right-of-way, whose usage depends on the facts and circumstances. None were used here.

■ Missouri courts have consistently held that giving a verdict directing or converse instruction on failure to yield the right-of-way, without giving a MAI approved instruction defining such term, is reversible error. *Jensen v. Walker*, 496 S.W.2d 317, 319 (Mo.App.1973); *Howe v. Bowman*, 429 S.W.2d 339, 341–342 (Mo. App.1968). The duty to submit the definitive instruction lay with Johnson, who was seeking the benefit of a verdict based on a jury finding that Throop failed to yield the right-of-way. He cannot transfer that duty

to Throop, or to the trial court, through his claims that because of his dereliction of duty, they are somehow responsible.

There are seven different versions as to what the term "yield the right-of-way means" contained in MAI3d 14.02–14.08, with the proper definition being determined by the facts of the case. Here, the jury was left to blindly guess as to what that term meant.

This is not a case where Throop "sandbagged" Johnson, as is denounced in *Fowler v. Park Corporation*, supra. In *Fowler*, which was a 4–3 decision, the majority held, in a personal injury action arising out of an accident involving Park Corporation's switch engine, that a minor deviation by plaintiff in his submitted definition of negligence on the part of defendant, which instruction defined defendant's negligence as the failure to use that degree of care that "a very careful and prudent person" would use, rather than "an ordinarily careful and prudent person" would use was, even though error, not prejudicial, particularly in view of the fact that at the time of the submission conference the offending instruction was submitted to defendant's attorney he said he had no specific objection to it.

Even if such silence constituted "sandbagging" under the facts of *Fowler*, we have no such problem here. In this case, defendant did not offer *any* definition of a highly technical term, and it would be ridiculous to hold that plaintiff had a duty to supply a term for an instruction that benefitted the other party. While *Fowler v. Park Corp.* goes a long way, it does not go that far. In *Hudson v. Carr*, supra, which was an automobile accident personal injury action, it was held that while contemporaneous objections to instructions are not required to preserve claims of error (Rule 70.03), failure to raise the issue during trial may be considered in determining whether a *variation* from MAI is prejudicial. Here again, that is not the situation we are dealing with.

While it might be said that a jury is not mislead by a minor variation from MAI

language, the same cannot be said where the jury is given no guidance at all as to the meaning of a technical term.

We hold that the failure by defendant to offer a proper definition of the term "failure to yield the right-of-way" was prejudicial error, and that the trial court was correct in granting a new trial for that reason.

Since the case must be retried, we also point out that defendant's converse instruction (No. 7) left a great deal to be desired, as most of the submissions were not supported by the evidence, or were not applicable under the facts of the case. This, of course, can be corrected, if the parties choose to try the matter again.

The order granting a new trial is affirmed.

CROW, C.J., and TITUS, J., concur.