Geri Ann **FREDERICK**, Appellant,

v.

David Wayne **WITTHAUS**, Respondent.

No. 51672.

Missouri Court of Appeals,
Eastern District,
Division One.

July 28, 1987.

Motion for Rehearing and/or Transfer
Denied Aug. 27, 1987.

Application to Transfer Denied
Oct. 13, 1987.

Walter D. McQuie, Jr., Montgomery City, for appellant.

R.L. Veit, John L. Port, Jefferson City, for respondent.

SATZ, Presiding Judge.

Plaintiff sued defendant for damages under the res ipsa loquitur doctrine. The jury returned a verdict for defendant, and judgment was entered. Plaintiff appeals. We affirm.

In her petition, plaintiff alleged: (1) defendant was driving a motor vehicle pulling a flat bed trailer; (2) defendant had exclusive control of and the right to control the vehicle and trailer; (3) the trailer came unhooked, crossed into plaintiff's lane of traffic and struck her vehicle; (4) the event would not have happened if defendant had not been negligent, and the collision and plaintiff's injuries were caused by defendant's negligence; and (5) plaintiff was injured and suffered damages. Plaintiff's verdict directing instruction was the appropriate modification of MAI 31.02(3) for res ipsa loquitur:

## INSTRUCTION NUMBER 5

Your verdict must be for Plaintiff if you believe:

First, Defendant was the driver of the pickup truck pulling a flat bed trailer; and

Second, the flat bed trailer became unhooked from the pickup truck, crossed into Plaintiff's lane of travel and struck the automobile Plaintiff was driving; and

Third, from the facts in evidence and the reasonable inference therefrom you find such occurrence was the direct result of Defendant's negligence; and

Fourth, as a direct result of such negligence, Plaintiff sustained damages.

Defendant submitted the following converse instruction, MAI 33.04(1):

## INSTRUCTION NUMBER 6

Your verdict must be for defendant David W. Witthaus unless you believe that defendant David Witthaus's conduct was negligent.

Plaintiff argues defendant's converse instruction was prejudicial. The use of the word "conduct", plaintiff contends, permitted the jury to select any specific act or omission of defendant, find that "conduct" was not negligent and, in turn, find in favor of defendant. Thus, plaintiff argues, this instruction converses specific negligence, a theory of negligence completely foreign to plaintiff's theory of res ipsa loquitor submitted in the verdict directing instruction.

We need not flesh out plaintiff's argument in further detail. For our purposes here, we will assume it was error to use the word "conduct" in the converse instruction. On the record before us, however, plaintiff still would not prevail.

■ We will not reverse instructional error unless prejudice is shown. *E.g., Hudson v. Carr*, 668 S.W.2d 68, 71–72 (Mo. banc 1984). Moreover, as our Supreme Court recently stated, "[a]lthough objection [at trial] is not necessary to preserve [instructional] error (Rule 70.03), its absence may be considered in assessing prejudicial effect". *Crabb v. Mid-American Dairymen, Inc.*, 735 S.W.2d 714 (Mo.1987). Furthermore, *Hudson v. Carr, supra, Fowler v. Park Corp.*, 673 S.W.2d 749 (Mo. banc 1984) and their extensive progeny describe the method of determining this prejudicial effect when no objection has been made. As we understand their holding and teaching, the argument of counsel is relevant to this determination. *See, e.g., Fowler, supra* at 756.

■ In the present case, plaintiff's counsel failed to object to defendant's converse instruction at trial. Thus, the closing arguments of counsel becomes necessary to our determination of whether defendant's converse instruction prejudiced the jury. Plaintiff, however, has failed to include this argument in the record now before us. Under present Missouri law, we think it

was her obligation to do so and find her failure to fulfill this obligation fatal to her argument.

Judgment affirmed.

CRIST and KELLY, JJ., concur.