**Sharon WEHMEIER,
Plaintiff–Appellant,**

**v.**

**Ronald TRIPLETT, Defendant,**

**and**

**Mary Kaller, Defendant–Respondent.**

No. 53082.

Missouri Court of Appeals,
Eastern District,
Division Two.

Oct. 20, 1987.

Motion for Rehearing and/or Transfer
Denied Nov. 24, 1987.

Application to Transfer Denied
Jan. 20, 1988.

James F. Koester, Kenneth D. Koester, St. Louis, for plaintiff-appellant.

Denis C. Burns, John B. Singleton, St. Louis, for defendant-respondent.

REINHARD, Judge.

Plaintiff appeals after the trial court sustained defendant Mary Kaller's motion to dismiss based on the doctrine of collateral estoppel. We reverse and remand.

Plaintiff filed a petition for damages against Kaller and Ronald Triplett for her

injuries sustained in a three-car collision on Lindbergh Boulevard in St. Louis County. In her petition she alleged that she was a passenger in a car driven by Triplett on Lindbergh in the left northbound lane; that Kaller was also travelling north on Lindbergh, but in the right lane; that defendant Kaller swerved to the left lane in front of Triplett's car to avoid a stalled vehicle in her lane; that Triplett collided with a third, southbound vehicle; and that both defendants negligently operated their vehicles, causing her injuries.

■ Defendant Kaller answered, generally denying all allegations in the petition. Prior to trial she filed a motion to dismiss plaintiff's claim against her, contending that plaintiff's case against her was barred by collateral estoppel. She claimed that the issue of her negligence had been litigated in a prior case, that a verdict and judgment had been entered in her favor, that plaintiff was a passenger in a vehicle in the incident, and that the "issues of liability" were the same in this case as they had been in the prior action. Attached to the motion were copies of the jury's verdicts and the judgments in her favor from the earlier litigation. Apparently, the driver of the third vehicle and her husband had sued Triplett and Kaller, and the jury found no negligence on the part of defendant Kaller. The court sustained defendant's motion.[1]

On appeal plaintiff's sole point is that the trial court erred in sustaining defendant's motion.[2] She argues that collateral estoppel does not bar her claim of negligence against defendant because she was not a party or in privity with a party to the prior action. We agree.

Apparently relying on *Hudson v. Carr,* 668 S.W.2d 68 (Mo. banc 1984), the trial court sustained defendant Kaller's motion. In *Carr* the plaintiff, driving an automobile owned by his brother Gerald, was in a collision with a car driven by defendant Carr. Gerald brought a property damage suit against the defendant. The defendant impleaded the plaintiff and also sought consolidation of the plaintiff's suit against him for personal injuries, but the plaintiff successfully opposed the consolidation. Gerald's original petition alleged that Carr was negligent for driving on the wrong side of the road. Carr raised the plaintiff's contributory negligence as a defense in his answer. The jury returned a verdict for Gerald, apportioning the property damage judgment 60% against defendant Carr and 40% against the plaintiff. Subsequently in his personal injury suit, the plaintiff recovered a judgment against Carr for $180,000 on the same theory of negligence that had been submitted in the prior action. Carr appealed from the judgment for the plaintiff, alleging that the plaintiff was barred because of collateral estoppel on the issue of contributory negligence.

The supreme court, in reducing the plaintiff's judgment by 40%, applied the doctrine of collateral estoppel according to the principles announced in *Oates v. Safeco Insurance Company of America,* 583 S.W.2d 713, 719 (Mo. banc 1979).

> The court in reviewing whether the application of collateral estoppel is appropriate should consider: (1) whether the issue decided in the prior adjudication was *identical* with the issue presented in the present action; (2) whether the prior adjudication resulted in a judgment on the merits; and (3) whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication.... Most

---

1. When matters outside the pleadings are presented to and not excluded by the trial court on a motion to dismiss, it is to be treated as a motion for summary judgment. Rule 55.27(b); *Black Leaf Products Co. v. Chemsico, Inc.,* 678 S.W.2d 827, 829 (Mo.App.1984). We treat defendant Kaller's motion as one for summary judgment. In reviewing the rendition of a motion for summary judgment the appellate court must scrutinize the record in the light most favorable to the party against whom summary judgment was rendered, and resolve all doubts

in favor of that party. *Eugene Alper Construction Co. v. Joe Garavelli's of West Port, Inc.,* 655 S.W.2d 132, 135 (Mo.App.1983). Summary judgment is proper only when the court determines from the record that there are no genuine issues of material fact and that movant is entitled to judgment as a matter of law. *Id.*

2. Plaintiff has dismissed with prejudice her claim against defendant Triplett.

courts have added a fourth factor to the three enunciated ...: whether the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit.... Fairness is the overriding consideration in determining whether or not to apply the Doctrine of Mutuality.

*Oates,* 583 S.W.2d at 719 (emphasis in original).

The supreme court in *Carr* found that the defendant's allegations were sufficient to meet all four criteria of the *Oates* test. The court stated,

> The plaintiff was *a party* to the prior suit, which resulted in a judgment on the merits. He had every opportunity to demonstrate to the jury that he was free from negligence and that the defendant's negligence was solely responsible for the collision. The jury made a finding determining relative fault of the parties. It is not significant that the jury was not aware of the effect of its action.

*Carr,* 668 S.W.2d at 70 (emphasis ours).

 We believe that *Carr* clearly supports our determination that the trial court erred in dismissing plaintiff's petition. One of the prerequisites to the application of collateral estoppel is "whether the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication." *Oates,* 583 S.W.2d at 719. In the present case defendant Kaller failed to allege in her answer and motion, or to show with matters outside the pleadings, that plaintiff was either a party or in privity with a party to the prior action. The fact that plaintiff was a passenger in the incident is insufficient to satisfy this requirement.

Defendant Kaller argues that plaintiff was a witness for Triplett in the prior suit and that this fact makes collateral estoppel applicable to bar plaintiff's claim. This argument misses the mark. Plaintiff's participation in the prior adjudication as a witness does not make her a party or in privity with a party to that action.

Defendant Kaller has failed to meet the third criterion of *Oates* for the application of collateral estoppel, and, therefore, the court erred in sustaining her motion.

We reverse and remand.

DOWD, P.J. and GARY M. GAERTNER, J., concur.