Donald **STEINHOFF**, Appellant,

v.

**CHURCHILL TRUCK LINES, INC.,** Respondent.

No. 64347.

Missouri Court of Appeals, Eastern District, Division One.

March 22, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 19, 1994.

Application to Transfer Denied May 26, 1994.

Michael D. Stokes, Christine A. Gilsinan, St. Louis, for appellant.

Hinshaw & Culbertson, Jeffrey R. Glass, Terese A. Drew, David T. Butsch, St. Louis, for respondent.

CRIST, Judge.

Donald Steinhoff appeals the trial court's order finding his claim against Churchill Truck Lines (Churchill) was barred by collateral estoppel and granting summary judgment in Churchill's favor. Reversed and remanded.

Steinhoff filed a petition against Churchill alleging he was injured when a truck driven by an employee of Churchill collided with the truck in which he was a passenger. James Rolen, the driver of the truck, and Lawrence Hobin, another passenger, also filed suits against Churchill. Churchill filed a motion to have all three suits consolidated, but this motion was denied.

Hobin's case against Churchill proceeded to trial first. On February 11, 1993, the jury in Hobin's case entered a verdict in favor of Churchill. Churchill then filed a motion for a summary judgment against Steinhoff, arguing Steinhoff's claims were barred by collateral estoppel because the issue of Churchill's liability had already been decided. On June 17, 1993, the court granted summary judgment in Churchill's favor finding Steinhoff's claims were barred by collateral estoppel.

On appeal, Steinhoff alleges the trial court erred in granting summary judgment and in applying the doctrine of collateral estoppel because Steinhoff was not a party or in privity with a party in the prior suit against Churchill.

The purpose of summary judgment is to allow the trial court to render a decision without delay where the moving party has demonstrated, on the basis of facts not genuinely disputed, an entitlement to judgment as a matter of law. Rule 74.04. When considering a summary judgment on appeal, we review the record in the light most favorable

to the party against whom summary judgment was entered. *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376[1] (Mo. banc 1993). Facts set forth by affidavit or otherwise in support of the moving party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.* at 376[2]. But, the non-moving party is accorded the benefit of all reasonable inferences from the record. *Id.* at 376[3]. Our review of a grant of summary judgment is essentially *de novo*. *Yow v. Village of Eolia*, 859 S.W.2d 920, 921[4] (Mo.App.1993). Because the trial court's judgment is based solely on the record submitted and the law, we need not give deference to its order on appeal. *Id.*

■ Steinhoff argues the trial court improperly granted summary judgment in favor of Churchill because his claims are not barred by collateral estoppel. The application of collateral estoppel is appropriate where: (1) the issue decided in the prior adjudication was identical to the issue presented in the present action; (2) the prior adjudication resulted in a judgment on the merits; (3) the party against whom collateral estoppel is asserted was a party or in privity with a party to the prior adjudication; and (4) the party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the issue in the prior suit. *Missouri Ins. Guar. Ass'n v. Wal–Mart*, 811 S.W.2d 28, 32 (Mo.App.1991).

■ For purposes of collateral estoppel, persons are considered to be in "privity" when the interests of the nonparty are so closely related to the party's interests that the nonparty can fairly be considered to have had his day in court. *Johnston v. Allis–Chalmers Corp.*, 736 S.W.2d 544, 548[9] (Mo.App.1987). Privity is not established between two people merely because they both have an interest in proving or disproving the same set of facts. *Wal–Mart*, 811 S.W.2d at 32[4].

■ Churchill argues privity is established between Steinhoff and Hobin because they were passengers in the same truck, they shared the same attorney, and their attorney

retained the same expert witness and took a single set of depositions for both cases. In making this argument, Churchill relies on *Johnston v. Allis–Chalmers Co.*, 736 S.W.2d 544 (Mo.App.1987). In *Johnston*, this court found a wife's direct personal injury claim was barred by collateral estoppel because the jury already found the defendant was not liable for her husband's personal injury claims arising from the same incident or for her derivative claim of loss of consortium. *Id.* at 549[9].

We find this case is not controlling. Although the finding of privity between the Johnstons was based partly on their sharing the same attorney, it was also based on the wife being an actual party in the first suit, albeit a derivative party. There was no evidence Steinhoff was in any way involved in Hobin's suit against Churchill.

We find this case is more analogous to this court's holding in *Wehmeier v. Triplett*, 741 S.W.2d 732, 734[2] (Mo.App.1987). In this case, Wehmeier sued Kellar and Triplett for injuries she sustained as passenger in Triplett's car during an automobile accident involving Triplett, Kellar and a third driver. Kellar had previously been found not liable in a suit brought by the third driver for injuries sustained in the same auto accident. Kellar filed a motion to dismiss Wehmeier's claim against her, contending it was barred by collateral estoppel. The trial court granted the motion, but this court reversed, holding there was no privity between Wehmeier and the driver of the third car. *Id.*

In reaching this conclusion, this court stated, "[t]he fact that plaintiff was a passenger in the incident is insufficient to satisfy this requirement." *Id.* Wehmeier's participation in the previous case as a witness was also not enough to make her in privity with a party to that action. *Id.* at 734[3].

Based on the holding in *Wehmeier*, we find no privity between Steinhoff and Hobin. Although they may both be interested in proving the same set of facts, their relationship is not sufficient for us to fairly say Steinhoff had his day in court. *See, Wal–Mart*, 811 S.W.2d at 32[4]. Therefore, Churchill was not entitled to judgment as a matter of law. *See,* Rule 74.04(c).

The judgment of the trial court is reversed and remanded.

CRANDALL, P.J., and REINHARD, J., concur.