183 S.W.3d 593 (2006)
Terri Jo HEMME and Terry Hemme, Appellants,
v.
Sam BHARTI, Kusum Bharti, and Bharti Midway Properties, Inc., and R.J. Reynolds Tobacco Co., Respondents.
No. SC 86937.
Supreme Court of Missouri, En Banc.
February 14, 2006.
*594 Linda C. McFee, Robert L. Wehrman, Kansas City, for Appellants.
Kathleen Kopach Woods, Richard F. Lombardo, Jennifer Joyce Price, Jean-Paul Assouad, David R. Buchanan, Kansas City, for Respondents.
*595 MICHAEL A. WOLFF, Chief Justice.

Introduction
This case concerns the interplay between the procedural rules governing cross-claims and compulsory counterclaims. The question is whether a personal injury claim is barred under the compulsory counterclaim rule when it is brought by a plaintiff who, as a defendant in a previous action, did not raise the claim against a co-defendant who made a cross-claim for indemnity and contribution.
This controversy arises from an automobile accident between Deborah Harrison and Terri Jo Hemme in February 1998. Hemme was exiting a parking lot owned by the BhartisSam Bharti, Kusum Bharti, and Bharti Midway Properties, Inc. when her car collided with Harrison's car. Harrison sued Hemme, alleging negligence. Harrison subsequently amended her petition to add the Bhartis and RJ Reynolds as defendants, alleging that the Bhartis were negligent in allowing RJ Reynolds to place an outdoor sign on their property that impeded Hemme's vision.
Hemme, the Bhartis, and RJ Reynolds filed cross-claims against one another as co-defendants for contribution, indemnification, and apportionment of fault relating to Harrison's injuries. Although Hemme was injured in the accident, she did not file any cross-claims relating to her injuries. Harrison's lawsuit was settled, and all of Harrison's claims were dismissed with prejudice.
Hemme then sued the Bhartis and RJ Reynolds for damages for personal injuries arising from the accident with Harrison. Her husband joined as plaintiff seeking damages for loss of consortium. The Hemmes claimed that the Bhartis and RJ Reynolds negligently placed the sign in a location where it impaired Hemme's ability to safely exit the parking lot. The Bhartis and RJ Reynolds filed motions for summary judgment, asserting that Rule 55.32(a) and res judicata barred the Hemmes from raising their claims in the new lawsuit. The Hemmes argued that, pursuant to Jacobs v. Corley, 732 S.W.2d 910 (Mo.App.1987), the filing of permissive cross-claims does not make co-defendants "opposing parties" and, thus, does not trigger the compulsory counterclaim rule.
The trial court granted summary judgment in favor of the Bhartis and RJ Reynolds and dismissed the Hemmes' claims, finding that Rule 55.32(a) barred the Hemmes' suit because the claims were compulsory counterclaims to cross-claims in the original suit. After opinion by the court of appeals, this Court granted transfer. Mo. Const. art. V, sec. 10.

The Holding
The compulsory counterclaim rule does not require a defendant against whom a cross-claim for indemnity, contribution or apportionment of fault is asserted to set forth her claim for injuries against her cross-claiming co-defendant in a response. The trial court's judgment is reversed, and the case is remanded.

Analysis
When analyzing problems raised under the rules of civil procedure, it is wise to start with the words of the rules. Rule 55.32(f)[1] says that a pleader may *596 state as a cross-claim "any claim ... against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein...." A cross-claim "may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant."
A cross-claim, under this rule, is always permissive and never compulsory.
When a claim is compulsory, you use it or lose it. Such is the case with the compulsory counterclaim rule, Rule 55.32(a)[2], which requires a party to bring "any claim that at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction."[3] (Emphasis added.)

The Easiest Analysis: A Correct Result Here, But Wrong Reason
The simplest answer is to hold that all claims by one party against a co-party are cross-claims and, as such, are never compulsory. Though it has the beauty of simplicity and works in this case, this analysis does not consistently yield the correct answer. The counterclaim rule is not limited to claims by a defendant against a plaintiff  Rule 55.32(a) does not use those labels. So it is possible for co-parties in some circumstances to be "opposing parties," for example, when one co-party brings a claim for its own damages against another co-party. In that circumstance, they would be opposing parties  though both originally are co-defendants  and, thus, would be subject to the compulsory counterclaim rule.

The Prevailing Analysis: These Co-Parties Are Not "Opposing Parties"
The Bhartis and RJ Reynolds assert that the Hemmes were required to bring their claims as part of Harrison's lawsuit because, once a cross-claim for indemnity, contribution or apportionment of fault was filed, the co-defendants became "opposing parties."
If Hemme, the Bhartis, and RJ Reynolds were merely co-defendants in Harrison's lawsuit, and not "opposing parties," then Rule 55.32(a) does not apply, and the Hemmes' claims were not compulsory counterclaims, but rather permissive cross-claims.
The Hemmes argue that the controlling case is Jacobs v. Corley, 732 S.W.2d 910 (Mo.App.1987). In Jacobs, Dean Witter, a brokerage firm, filed an interpleader to determine whether Jacobs or Corley was entitled to a settlement held by Dean Witter. Jacobs and Corley filed several cross-claims *597 against one another relating to a prior agreement. Jacobs filed a new suit against Corley alleging breach of contract and fraud. The subject matter was the same attorney contingent fee contract that led to the interpleader suit. Corley filed a motion to dismiss, arguing that the issues had already been litigated and that Rule 55.32 required the claims to be raised in response to Corley's cross-claim in the interpleader action. Id. at 911-12. The court determined that Jacobs' claim was not barred because the parties were not "opposing parties" in the interpleader action. The court adopted the simple notion that "[c]o-parties are persons on the same side (i.e. all plaintiffs or all defendants) of the principal litigation" even if their interests were adverse in the original lawsuit. Id. at 914. "[C]o-defendants' interests may well be adverse, as in the case of joint-tortfeasors, but that does not serve to transform them from co-parties into opposing parties under Rule 55.32(a) governing counterclaims." Id. The court continued, "[a]s a co-party, Jacobs was entitled to file any cross claims against Corley, arising out of the transaction or occurrence of the interpleader action. It is clear that such cross claims are merely permissive rather than compulsory." Id.
The Jacobs court relied on Brown v. Harrison, 637 S.W.2d 145 (Mo.App.1982), where Brown sued Oliver and Harrison for injuries from a car accident, alleging that both shared fault. Oliver filed a cross-claim against Harrison, and Harrison included a cross-claim against Oliver in his defense. The trial court severed Oliver's cross-claim and tried only Brown's case against Oliver and Harrison. When Oliver tried to bring her claim after the judgment in Brown's case, Harrison argued that res judicata barred Oliver's claim. The court held that Oliver's claim was not barred because it had never been tried by the trial court. Id. at 148.
Although Brown and Jacobs do not directly address the same issue, Brown contains some language that seems contrary to the holding of Jacobs. Brown states that the co-defendants "were, of course, in adversary positions insofar as both were resisting Brown's claim against both as alleged joint tort-feasors, and before it was severed for separate trial, they were in adversary positions as to Oliver's cross-claim." 637 S.W.2d at 147. This language indicates that, had the cross-claim not been severed, it would have transformed the co-defendants into "opposing parties" and triggered the compulsory counterclaim rule.
In addition to the contradictory language in Brown and Jacobs, the court in Jones v. Corcoran, 625 S.W.2d 173, 175 (Mo.App.1981), reached the opposite conclusion to that in Jacobs, holding that co-defendants became "opposing parties" when they filed cross-claims against each other. The Jacobs court does not distinguish, or even mention, Jones. These cases reflect confusion and disagreement within the court of appeals as to when co-defendants become "opposing parties."
The federal courts have also considered this issue and not come away in complete agreement. Missouri's Rule 55.32(a) is based on Federal Rule 13(a), and, where "the Missouri and federal rules are essentially the same, federal precedents constitute persuasive, although not binding, authority." Joel Bianco Kawasaki Plus v. Meramec Valley Bank, 81 S.W.3d 528, 532-33 (Mo. banc 2002). Although there is disagreement among the federal courts as to the interpretation of Rule 13(a),[4] several courts have held that, *598 where cross-claims between co-defendants are for non-substantive claims, such claims do not invoke the compulsory counterclaim rule. See, e.g., Augustin v. Mughal, 521 F.2d 1215 (8th Cir.1975) (applying both Missouri and federal law); Kirkcaldy v. Richmond Cty. Bd. of Education, 212 F.R.D. 289 (M.D.N.C.2002); Rainbow Mgmt. Group, Ltd. v. Atlantis Submarines Hawaii, L.P., 158 F.R.D. 656 (D.Haw. 1994); Answering Serv., Inc., v. Egan, 728 F.2d 1500 (D.C.1984). These courts' approach to the compulsory counterclaim rule is sound and helpful in this Court's analysis of Rule 55.32(a).
The purpose of the compulsory counterclaim rule is to promote judicial economy by requiring all logically related claims to be brought in a single proceeding. Joel Bianco Kawasaki, 81 S.W.3d at 532; Cantrell v. City of Caruthersville, 359 Mo. 282, 221 S.W.2d 471, 474 (1949). "[T]he general purpose of the [compulsory counterclaim] rule ... is to avoid a multiplicity of suits and to dispose of litigation more expeditiously and properly." State ex rel. Buchanan v. Jensen, 379 S.W.2d 529, 531 (Mo. banc 1964).
This purpose is not necessarily furthered by a rule that cross-claims for indemnity or contribution transform co-defendants into "opposing parties." Such a rule "may actually increase the amount or complexity of litigation." Rainbow Mgmt., 158 F.R.D. at 660. A claim for indemnity or contribution "would not introduce new issues into the case, and could, in all likelihood, be litigated without substantially increasing the cost or complexity of the litigation." Id. In contrast, a substantive claim  which the federal cases refer to as a claim for relief other than indemnity or contribution  between co-defendants may introduce whole new parties, legal issues, witnesses, and facts into a case. The danger with a broad rule is that, if a co-defendant merely files a cross-claim for indemnification, the other defendant is forced immediately to bring each and every possible claim, even those he might otherwise decide not to raise at all, in order to avoid losing those claims forever. Id. This would substantially increase the complexity of the litigation. In contrast, if a defendant merely raises an indemnification claim, and the second defendant is not forced to raise all of his counterclaims, the litigation is not made significantly more complicated.
The Bhartis and RJ Reynolds rely on Safeway Stores, Inc. v. City of Raytown, 633 S.W.2d 727 (Mo. banc 1982). Safeway Stores holds that a store that was sued in a wrongful death action could later maintain a separate suit for contribution and indemnity against a defendant who was not brought into the original suit. Id. at 731. Safeway Stores does not help the Bhartis and RJ Reynolds. It merely recognizes the right of an original defendant to bring indemnity or contribution claims in a separate action and the right of the defendant in that action to challenge both liability and the amount of damages.[5]
A claim for indemnity or contribution is really an anticipatory claim; that is, the claim by a defendant who is held liable to a plaintiff really is not ripe until the defendant has suffered a judgment. At that point, the defendant would be permitted to bring an independent action against a co-defendant for indemnity or contribution. What the cross-claim rule *599 allows by recognizing claims for indemnity and contribution is for the follow-up claim to be brought in the same lawsuit as the plaintiff's claim against the original defendants.[6] This promotes a form of judicial economy and allows the finder of fact to assess the relative percentages of comparative fault. Missouri Pac. R. Co. v. Whitehead & Kales Co., 566 S.W.2d 466 (Mo. banc 1978).
The rules in all instances treat indemnity and contribution claims as permissive, not compulsory. Rule 52.11(a)[7], relating to third-party defendants, states that, "a defending party, as a third-party plaintiff, may cause a summons and petition to be served upon a person not a party to the action who is or may be liable to the defending party for all or part of the plaintiff's claim against the defending party." (Emphasis added). This is similar to the language in Rule 55.32(f), which specifically describes indemnity and contribution claims as permissive. The rules treat indemnity and contribution claims differently because those claims are always permissive. The purpose of the rules relating to those claims is to allow, but not require, such claims to be brought by the defendant. When considered as cross-claims or third-party claims, claims for indemnity and contribution only address the issue of who is liable for the substantive claims that have been brought by the original plaintiff. An original defendant in a suit for damages retains the right, however, to bring such claims in a separate suit, if he so chooses. That is all that Safeway Stores holds.
Although the Hemmes were free to bring their substantive claims in a separate suit, if Harrison's original suit had gone to trial rather than settling, Hemme would be bound in her later suit by any apportionment of fault determined by the jury in the first case. See Hudson v. Carr, 668 S.W.2d 68, 70 (Mo. banc 1984).
It is easy to question Jacobs and the federal cases cited above that conclude that co-parties with cross-claims for indemnity or contribution are not "opposing parties." At least as to their differing contentions as to who is responsible for the plaintiff's injuries, they are certainly in opposition to each other. The attraction of the prevailing analysis, however, is that it draws a bright line. If a claim by one co-party against another is only for indemnity, contribution, or allocation of fault, they are not opposing parties for purposes of the compulsory counterclaim rule.
The Bhartis and RJ Reynolds also invoke the doctrine of res judicata, known modernly as claim preclusion. See Chesterfield Village, Inc. v. City of Chesterfield, 64 S.W.3d 315, 318 (Mo. banc 2002). The compulsory counterclaim rule can simply be considered a codification of the principles of claim preclusion, i.e., res judicata, and issue preclusion, i.e., collateral estoppel. Joel Bianco Kawasaki Plus v. Meramec Valley Bank, 81 S.W.3d 528, 532 (Mo. banc 2002). Although the compulsory counterclaim rule and the claim preclusion doctrine serve the same purpose, there is nothing in the claim preclusion doctrine that would broaden the rule beyond its terms. If the compulsory counterclaim rule does not apply, neither does claim preclusion (res judicata).

A Practical Note
Procedural rules exist in the real world of lawyers and lawsuits. Although the record does not indicate the source of Hemme's legal representation in the original *600 lawsuit, in many such lawsuits counsel is retained by an insurance company. An insurer would not undertake, by its contract, to provide representation for its insured's own injuries. Thus, if the compulsory counterclaim rule were to be applied to the cross-claim in the original case, the Court would impose on counsel the obligation of representing its insured in her claim for injuries or of informing her to retain separate counsel to represent her in the counterclaim to the cross-claims. This would add a layer of complexity and dysfunction in the original lawsuit that is not appropriate.

Conclusion
Hemme was not required to make a claim for her own injuries in Harrison's lawsuit. The Hemmes' subsequent lawsuit is not barred. The trial court's judgment is reversed, and the case is remanded.
PRICE, TEITELMAN, LIMBAUGH, RUSSELL and WHITE, JJ., and BLACKMAR, Sr.J., concur. LAURA DENVIR STITH, J., not participating.
NOTES
[1] The Missouri cross-claim rule, Rule 55.32(f), which is the same as Federal Rule 13(g), provides in full: "Cross-Claim Against Co-Party. A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant."
[2] Missouri's counterclaim rule, Rule 55.32(a), which is the same as Federal Rule 13(a), provides in full: "Compulsory Counterclaims. A pleading shall state as a counterclaim any claim that at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if: (1) at the time the action was commenced the claim was the subject of another pending action or (2) the opposing party brought suit upon the claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under this Rule 55.32."
[3] The parties agree that the claims arise out of the same transaction or occurrence under Rule 55.32(a).
[4] See, e.g., Kane v. Magna Mixer Co., 71 F.3d 555, 562 (6th Cir.1995) (holding that the filing of any cross-claim requires co-defendants to assert all counterclaims against one another).
[5] Safeway Stores refers to indemnity and contribution claims as "substantive in nature" because the claims were being brought in an entirely separate suit. 633 S.W.2d at 728, n. 1. The holding of Safeway Stores does not extend to the proposition the Bhartis and RJ Reynolds present here.
[6] The same is true where contribution or indemnity is sought from a third-party defendant joined in the litigation under Missouri Rule 52.11 and Federal Rule 14.
[7] Substantially the same provision is in Federal Rule 14(a).