ERICKSON, Circuit Judge.
[¶ 1.] This decision consolidates two separate appeals from two different cases in adjoining counties. The cases were considered by different circuit court judges and arose from a single car accident. A Meade County case involving Jerity Kram-beck’s (Krambeck) insurance carrier was settled and dismissed with prejudice. When counsel for a Butte County case brought by Krambeck moved to set aside that dismissal, the motion was denied. The Butte County case was then dismissed on the grounds of res judicata. We affirm the denial of the motion to set aside the Meade County dismissal and reverse and *803 remand the Butte County dismissal granted on the grounds of res judicata.
FACTS
[¶2.] On October 9, 2000, Krambeck was driving a car owned by her father on 1-90 with passengers Leah Glover (Glover) and Josh Macer (Macer). Macer grabbed the steering wheel from the backseat causing the vehicle to go into the right-hand ditch. Krambeck attempted to correct the vehicle but lost control and the car rolled over.
[¶ 3.] In September 2003 Glover sued both Krambeck and Macer in Meade County asserting their joint negligence caused her personal injuries. At the time the lawsuit was filed, Krambeck was in army basic training. She waived her right to stay the proceedings and the case advanced. Krambeck’s insurance carrier hired attorney Reed Rasmussen (Rasmussen) to represent her interests under the insurance policy. Rasmussen communicated with Krambeck’s mother concerning the case. Krambeck and Macer filed cross-claims against each other for contribution and indemnity.
[¶ 4.] That same fall attorney Thomas Brady (Brady) brought an action against Macer in Butte County on behalf of both Krambeck and her father for personal injury and damages to her father’s automobile. Krambeck herself had no contact with attorney Brady until May 2005.
[¶ 5.] Krambeck was discharged from the army in February 2004. She immediately began communicating with Rasmussen. In a deposition on June 1, 2004, involving the Meade County case, Kram-beck answered questions concerning her personal injuries although no claim for them had been made in the action. The Meade County case was settled and on June 24, 2005, an order was entered dismissing the action on its merits with prejudice.
[¶ 6.] Four days later attorney Brady learned of the dismissal of the Meade County action. Surprisingly this was the first time either Brady or Rasmussen was made aware of the other’s case.[1]
[¶ 7.] One month later Macer moved to dismiss the Butte County case citing the dismissal of the Meade County case and arguing that the dismissal was res judica-ta. On June 28, 2005, Krambeck moved to set aside the dismissal of the Meade County case by seeking relief from the judgment under SDCL 15 — 6—60(b). This motion was denied. Thereafter, Macer’s motion to dismiss the Butte County case was granted. Krambeck appeals both decisions raising the following issues:
Whether the trial court in Meade County abused its discretion when it denied the motion for relief under SDCL 15-6-60(b).
Whether the trial court in Butte County erred in granting the defendant’s motion to dismiss based on res judicata.
ANALYSIS AND DECISION
ISSUE ONE
[¶ 8.] Did the trial court in the Meade County case abuse its discretion in denying Krambeck’s motion for relief under SDCL 15-6-60(b)?
[¶ 9.] “ ‘The decision to grant or deny a motion under SDCL 15-6-60(b) rests with the sound discretion of the trial court and will not be disturbed on appeal unless there has been an abuse of discre *804 tion.’ ” Lowe v. Schwartz, 2006 SD 48, ¶ 8, 716 N.W.2d 777, 779 (quoting Walsh v. Larsen, 2005 SD 104, ¶ 6, 705 N.W.2d 638, 641). “An abuse of discretion consists of ‘a discretion exercised to an end or purpose not justified by, and clearly against, reason and evidence.’ ” Schwartz v. Palachuk, 1999 SD 100, ¶ 16, 597 N.W.2d 442, 446 (quoting Hrachovec v. Kaarup, 516 N.W.2d 309, 311 (S.D.1994)). The test for finding an abuse of discretion is “ ‘whether we believe a judicial mind, in view of the law and the circumstances, could reasonably have reached the conclusion.’ ” Hrachovec, supra at 311 (quoting Dacy v. Gors, 471 N.W.2d 576, 580 (S.D.1991)).
[¶ 10.] A motion under SDCL 15 — 6—60(b) can be granted only when exceptional circumstances exist. Interest of D.G., 2004 SD 54, ¶ 7, 679 N.W.2d 497, 500. “ ‘The purpose of Rule 60(b) is to preserve the delicate balance between the sanctity of final judgments and the incessant command of a court’s conscious that justice be done in light of all the facts.’ ” Reaser v. Reaser, 2004 SD 116, ¶ 16, 688 N.W.2d 429, 434 (quoting Divich v. Divich, 2002 SD 24, ¶ 8, 640 N.W.2d 758, 760).
[¶ 11.] Macer contends that Krambeck’s motion for relief was not made in a reasonable amount of time as required by the statute. Under the circumstances of this case, SDCL 15-6-60(b) allowed the motion to be made within one year after the order of dismissal was entered. The motion for relief was filed approximately five months after the dismissal was ordered. The trial court did not consider this argument in its decision and nothing in the record indicates that the delay was unreasonable. Macer also contends that the five-month delay was unreasonable because there was a lack of compelling factors justifying such a delay. However, compelling factors are not a requirement. In Rogers v. Rogers, 351 N.W.2d 129 (S.D.1984) this Court implicitly upheld a six month delay without any evidence of compelling factors (cited with approval in Clarke v. Clarke, 423 N.W.2d 818, 821 (S.D.1988)).
[¶ 12.] Krambeck argues that the trial court erred in denying her relief under SDCL 15 — 6—60(b)(1) citing mistake, inadvertence or excusable neglect. Her argument is that her presence in basic training at the beginning of the two lawsuits, her limited involvement with them during that time, her parents’ lead in prosecuting the lawsuits, and her young age and lack of experience with lawsuits all contributed to her mistake, inadvertence or excusable neglect in failing to inform either lawyer of the existence of two lawsuits and her lack of understanding of the full effect of settling the Meade County case.
[¶ 13.] Under these conditions it was reasonable for the trial court to find that no exceptional circumstances existed. The trial court noted that Krambeck knew of the existence of both lawsuits and the representation by two lawyers, that she was a competent adult and that she had the means to make one attorney aware of the other.
[¶ 14.] Krambeck’s service in the armed forces is indeed honorable, and it is understandable that while she was serving her communication with the civilian world was more difficult. However, she waived her right to be relieved from this hardship. Furthermore, she was discharged in February 2004 and the case was not settled until January 24, 2005. During this eleven month period she communicated with attorney Rasmussen about the Meade County case several times. Additionally, she was aware of attorney Brady’s representation in the Butte County case. Despite her knowledge, she gave no explanation for not communicating with Brady until May 2005 or for not making Rasmussen *805 aware of the Butte County case or of Brady’s involvement.
[¶ 15.] The trial court’s denial of the motion to set aside the Meade County dismissal is affirmed.
ISSUE TWO
[¶ 16.] Did the trial court in the Butte County case err in granting Ma-cer’s motion to dismiss based on res judicata?
[¶ 17.] The applicability of the doctrine of res judicata is a question of law examined de novo. Wells v. Wells, 2005 SD 67, ¶ 11, 698 N.W.2d 504, 507. “ ‘The doctrine of res judicata serves as claim preclusion to prevent relitigation of an issue actually litigated or lohich could have been properly raised and determined in a prior action.’ ” Barnes v. Matzner, 2003 SD 42, ¶ 16, 661 N.W.2d 372, 377 (quoting Black Hills Jewelry Mfg. v. Felco Jewel Ind., 336 N.W.2d 153, 157 (S.D.1983)) (emphasis in the original).
[¶ 18.] “ ‘For purposes of res ju-dicata, a cause of action is comprised of the facts which give rise to, or establish, the right a party seeks to enforce.... [T]he test is a query into whether the wrong sought to be redressed is the same in both actions.’ ” Id. (ellipsis in original).
[¶ 19.] The Butte County trial court ruled that while Krambeck’s father could pursue his claim for property damage, Krambeek could have sought recovery for her damages by way of a cross-claim in the Meade County action pursuant to SDCL 15-6-13(g) and SDCL 15-6-18(a). The court then ruled that Krambeek was barred from raising the issue in a separate action. Krambeek argues that this holding makes all cross-claims compulsory contrary to the permissive language in SDCL 15-6-13(g) (cross-claim against co-party) stating:
A pleading may state as a cross-claim any claim by one party against a co-party arising out of the transaction or occurrence that is the subject matter either of the original action or of a counterclaim therein or relating to any property that is the subject matter of the original action. Such cross-claim may include a claim that the party against whom it is asserted is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant, (emphasis added).
[¶ 20.] Krambeek urges this Court to follow the position recently adopted by the Supreme Court of Missouri in Hemme v. Bharti, 183 S.W.3d 593 (Mo.2006). The Missouri Supreme Court, presented with facts almost identical to those in this case, held that denying a second cause of action was contrary to the Missouri Rules of Civil Procedure. Id. at 596-599. Those procedural rules are almost identical to those in South Dakota. In the Hemme case, as in our case, the defendants were represented by counsel provided by their insurer. The defendant was left to find alternative counsel to proceed on related claims which were outside the scope of the insurance contract. Id. at 600.
[¶ 21.] The Missouri Supreme Court ruled that “if the compulsory counterclaim rule were to be applied to the cross-claim in the original case, the Court would impose on counsel the obligation of representing its insured in her claim for injuries or of informing her to retain separate counsel to represent her in the counterclaim to the cross-claims.” Id. The Court further observed that “[t]his would add a layer of complexity and dysfunction in the original lawsuit that is not appropriate.” Id.
[¶ 22.] We agree with the Missouri Supreme Court. “A cross-claim, under this rule, is always permissive and never compulsory.” Id. at 596. Therefore, Kram-beck was not required to make a claim for her own injuries in the Meade County *806 lawsuit commenced by Glover. Kram-beck’s subsequent lawsuit was not barred. The trial court judgment in the Butte County case is reversed, and the case is remanded.
[¶ 23.] GILBERTSON, Chief Justice and MEIERHENRY, Justice concur.
[¶ 24.] KONENKAMP and ZINTER, Justices, concur specially.
[¶ 25.] ERICKSON, Circuit Judge, for SABERS, Justice, disqualified.

. It is surprising because this is an automobile accident case involving the South Dakota Financial Responsibility law mandating liability coverage for all drivers. It also involves claims which may put the insurance carrier's attorney in conflict with the customer and require the hiring of independent counsel.