ZINTER, Justice
(concurring specially).
[¶ 26.] The circuit court in Butte County dismissed Krambeck’s claim for personal injury because she failed to include it with the cross-claims for indemnity and contribution that Krambeck and Macer asserted against each other as co-defendants in the Meade County suit. Because Kram-beck could have asserted her personal injury claim with her cross-claim in the Meade County suit, the circuit court in Butte County concluded that res judicata precluded Krambeck from subsequently asserting that claim. Today, this Court reverses. In doing so, the Court discusses res judicata but ultimately reverses based on the “compulsory counterclaim rule.” Supra, ¶¶ 21-22. I write to explain the relationship between res judicata and the compulsory counterclaim rule. I also write to clarify the circumstances under which omitted cross-claims are barred.
[¶ 27.] When applied to permissive cross-claims, the “compulsory counterclaim rule” is “considered a codification[2] of the principles of claim preclusion, i.e., res judi-cata, and issue preclusion, i.e., collateral estoppel.” Hemme v. Bharti, 183 S.W.3d 593, 599 (Mo.2006) (citation omitted). This Court has also recognized this relationship. This Court noted that under the compulsory counterclaim rule, “res judicata will bar a claim ... only if the claim should have been properly raised as a counterclaim in [the prior proceeding].” Sioux Enterprises, Minnesota v. Tri-State Refining Co., 456 N.W.2d 774, 778 (S.D.1990) (three justices, concurring specially). Although the elements of these doctrines are not identical: “If the compulsory counterclaim rule does not apply, neither does claim preclusion (res judicata).” Hemme, 183 S.W.3d at 599. Therefore, although this Court ultimately applies the compulsory counterclaim rule, see supra ¶¶ 20-22, by adopting Hemme, we have implicitly analyzed this issue as a matter of res judicata.[3]
*807 [¶ 28.] I also write to clarify one portion of our opinion. The Court notes that under SDCL 15 — 6—13(g), cross-claims are “ ‘always permissive and never compulsory.’ ” Supra, ¶ 22 (quoting Hemme, 183 S.W.3d at 596). From this, the Court concludes that a claimant like Krambeck was not required to assert a personal injury claim in the first litigation. Id. Although this result is correct, the Missouri Supreme Court rejected this analysis, noting “it has the beauty of simplicity and works in this case, [but] this analysis does not consistently yield the correct answer.” Hemme, 183 S.W.3d at 596. The Court further explained that some permissive cross-claims may be barred by the compulsory counterclaim/res judicata rule:
The counterclaim rule is not limited to claims by a defendant against a plaintiff-Rule [13(a)] does not use those labels. So it is possible for co-parties in some circumstances to be “opposing parties,” for example, when one co-party brings a claim for its own damages against another co-party. In that circumstance, they would be opposing parties-though both originally are co-defendants-and, thus, would be subject to the compulsory counterclaim [and res judicata rules].
Id. As other courts have also explained, “once a cross claim has been pleaded, the cross-claimant becomes an opposing party, and ‘[t]he party against whom [the] cross-claim is asserted must plead as a counterclaim any right to relief that party has against the cross-claimant that arises from the same transaction or occurrence.’ ” Earle M. Jorgenson Co., v. T.I. United States, Ltd., 133 F.R.D. 472, 475 n. 10 (E.D.Pa.1991)(quoting Arthur F. Green-baum, Jacks or Better to Open: Procedural Limitations on Co-Party and Third-Party Claims, 74 Minn. L.Rev. 507, 551 (Feb.1990)) citing Rule 13(a)).
[¶ 29.] In my view, the bar to subsequently submitting omitted cross-claims is dependent upon the nature of the claim. The assertion of a substantive cross-claim by one co-defendant triggers these preclu-sive rules while procedural claims, such as those for contribution and indemnity, do not. Cross-claims for contribution and indemnity among co-defendants are considered procedural, therefore, they do not make co-parties adverse for purposes of applying res judicata and the compulsory counterclaim rule. Hemme, 183 S.W.3d at 598 (citing Augustin v. Mughal, 521 F.2d 1215 (8th Cir.1975) (applying both Missouri and federal law); Kirkcaldy v. Richmond Cty. Bd. of Education, 212 F.R.D. 289 (M.D.N.C.2002); Rainbow Mgmt. Group, Ltd. v. Atlantis Submarines Hawaii, L.P., 158 F.R.D. 656 (D.Haw.1994); Answering Serv., Inc. v. Egan, 728 F.2d 1500 (C.A.D.C.1984)).
[¶ 30.] Only substantive cross-claims are adequately mature to make the parties sufficiently adverse to be “opposing parties” within the meaning of the compulsory counterclaim (and res judicata) rule. Hall v. General Motors Corp., 647 F.2d 175, 184, 207 U.S.App.D.C. 350, 359 n. 38 *808 (C.A.D.C.1980) (reasoning “contribution and indemnity claims are contingent on the outcome of the main claim and therefore do not fit the Fed.R.Civ.P. 13(a) compulsory counterclaim formula”) (citing Chicago Freight Car Leasing Co. v. Martin Marietta Corp., 66 F.R.D. 400 (N.D.Ill.1975); Hartford Accident & Indemnity Co. v. Levitt & Sons, Inc., 24 F.R.D. 230 (E.D.Pa.1959)). This is consistent with our reasoning in Sioux Enterprises recognizing that “ ‘a party need not assert a counterclaim that has not matured at the time [that party] serves [the] pleading.’ ” 456 N.W.2d at 778 (Sabers, J., concurring) (quoting Staab v. Skoglund, 89 S.D. 470, 478, 234 N.W.2d 45, 49 (1975)). After analyzing a number of decisions on this issue, the District Court in Hawaii adopted what appears to be the most practical approach:
Co-parties become opposing parties within the meaning of [the compulsory counterclaim rule] after one such party pleads an initial cross-claim against the other ... [H]owever, ... this rule should be limited to situations in which the initial cross-claim includes a substantive claim (as opposed to merely a claim for contribution and indemnity). The reason for this modification is that an unlimited rule may actually increase the amount or complexity of litigation.
Rainbow Management Group, 158 F.R.D. at 660. This same “substantive” limitation should be applied to claims that were omitted by the party filing the first cross-claim. See Hemme, 183 S.W.3d 593.
[¶ 31.] In the instant case, the cross-claims in the Meade County litigation asserted between Krambeck and Macer were procedural, unmatured claims for contribution and indemnity. For this reason, the compulsory counterclaim rule did not preclude the bringing of the subsequent, substantive claim for personal injuries. Therefore, the judgment dismissing the Butte County case must be reversed and remanded.
[¶ 32.] KONENKAMP, Justice, joins this special writing.

. SDCL 15-6-13(a) provides:
A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties of whom the court cannot acquire jurisdiction. But the pleader need not state the claim if: (1) At the time the action was commenced the claim was the subject of another pending action; or (2) The opposing party brought suit upon his claim by attachment or other process by which the court did not acquire jurisdiction to render a personal judgment on that claim, and the pleader is not stating any counterclaim under § 15-6-13; or (3) If the claim is not one over which the court would have jurisdiction if brought as an original action.

. Some courts treat the underlying basis for the compulsory counterclaim rule as matters of waiver or estoppel, rather than res judica-ta. See 6 Charles Alan Wright, Arthur R. Miller, and Maty Kay Kane, Federal Practice and Procedure, § 1417 (1990); 3 James Moore, Moore’s Federal Practice § 13.14[1] (3d ed. 2006). It should also be pointed out that some respected commentators consider waiver or estoppel to be better underlying theories for barring omitted claims in cases like this where an insurance company has controlled the defense of the first action.
In many ways [waiver or estoppel] provides a more apposite and useful approach to the problem of omitted counterclaims than does the doctrine of claim preclusion. For *807 example, it affords a means of extricating a defendant who has not knowingly refrained from asserting his claim from the rigors of the compulsory counterclaim rule; this type of safety valve may be particularly important when an insurance company has controlled the defense of the first action and the actual defendant has not had a realistic opportunity to assert his claim.
Wright, § 1417. Some courts also prefer the estoppel or waiver analysis; “In most instances, application of either res judicata or waiver principles will yield the same result, but, ... we prefer the flexibility of a waiver analysis to the more rigid rules applicable to res judica-ta.” Kane v. Magna Mixer, Co., 71 F.3d 555, 562-563 (6th Cir.1995).
Ultimately, the outcome of this case is not dependent upon this distinction. Therefore, we leave the precise underlying theory for another day.