STATE of Missouri ex rel. COHEN
McNEILE & PAPPAS, P.C.,
Relator,

v.

The Honorable Alan M. BLANKEN-
SHIP, Thirty–Ninth Judicial Circuit,
Stone County, Missouri, Respondent.

No. SD 31850.

Missouri Court of Appeals,
Southern District,
Division One.

July 23, 2012.

James M. McNeile, Kansas City, MO, for Relator.

Gregory W. Aleshire, Kenneth W. Johnson, Springfield, MO, for Respondent.

WILLIAM W. FRANCIS, JR., J.

Cohen McNeile & Pappas, P.C. ("Cohen"), filed a Petition for Writ of Prohibition asking this Court to prohibit the trial court from proceeding upon the "Cross Claim Against Co Defendant [sic]" filed by defendant Robert W. Smither ("Smither"). We make permanent our preliminary writ of prohibition.

### Factual and Procedural History

On October 7, 2010, Discover Bank filed suit against Smither for damages alleging breach of a credit card agreement. On September 1, 2011, Discover Bank and Cohen, counsel of record for Discover Bank, were served with Smither's "Motion for Leave to Designate a Co–Defendant and Leave to file Cross Petition" ("motion") and "Cross Claim Against Co Defendant [sic]." Smither's motion sought leave from the trial court to add Cohen to the underlying action as a co-defendant and to file a cross-claim against Cohen for alleged violations of the Fair Debt and Collection Practices Act ("FDCPA"). Discover Bank, by and through Cohen, filed a response in opposition to Smither's motion.

On January 30, 2012, the trial court sustained Smither's motion. The Order stated: "Smither's allegations in his proposed Cross–Petition against [Cohen] appear to arise out of the same transactions or occurrences [as Discover Bank's lawsuit]. Therefore, the Court finds that [Cohen] should be added to this action as an additional Crossclaim Defendant pursuant to Missouri Rule of Civil Procedure 52.06." [1]

On February 10, 2012, Cohen filed the instant action in prohibition seeking an order from this Court removing Cohen from Discover Bank's suit against Smither and prohibiting the trial court from hearing the cross-claim filed against Cohen. This Court granted a preliminary writ of prohibition.

Cohen's point relied on alleges it is entitled to be dismissed from the underlying action and that adjudication of the cross-claim against it should be prohibited because the trial court acted in excess of its jurisdiction by adding Cohen in that Rule 52.05 cannot be used to add a non-party to a suit for the sole purpose of filing a cross-claim that is not also filed against an existing party. The primary issue pertinent to our resolution of this matter is whether Rule 55.32 permits joinder of another party solely for the purpose of asserting a new cross-claim.

### Standard of Review

The extraordinary remedy of a writ of prohibition is available: (1) to prevent the usurpation of judicial power when the trial court lacks authority or jurisdiction; (2) to remedy an excess of authority, jurisdiction or abuse of discretion where the lower court lacks the power to act as intended; or (3) where a party may suffer irreparable harm if relief is not granted.

*State ex rel. Missouri Pub. Defender Comm'n v. Pratte,* 298 S.W.3d 870, 880 (Mo. banc 2009). "Prohibition may be used to 'undo' acts done in excess of a court's authority 'as long as some part of the court's duties in the matter remain to be performed' and may be used 'to restrain further enforcement of orders that are be-

---

1. All rule references are to Missouri Court Rules (2012).

yond or in excess of a [court's] authority . . . . ' " *Id.* (internal citation omitted). "Whether a trial court has exceeded its authority is a question of law, which an appellate court reviews independently of the trial court." *Id.*

## Analysis

Cohen argues that Rule 55.32 governs the addition of non-parties to litigation for the purpose of filing cross-claims, and that under Rule 55.32, individuals and entities other than those already party to the original action may be made parties to a cross-claim in accordance with the provisions of Rules 52.04 and 52.05, but only when the cross-claim is also asserted against an already existing party to the litigation.[2] We agree.

██ Discover Bank and Smither are the original parties to the underlying action. Here, Smither, the defendant, specifically requested in his motion to add Cohen as a "Co–Defendant" and for leave to file a "Cross–Petition," and the trial court granted that request adding Cohen as a "Cross-claim Defendant." Thus, we look to Rule 55.32—governing counterclaims and cross-claims—to determine whether this action by the trial court was proper. Missouri Rule 55.32 is based on Rule 13 of the Federal Rules of Civil Procedure.[3] *See Hemme v. Bharti,* 183 S.W.3d 593, 597 (Mo. banc 2006). Where the Missouri and federal rules are essentially the same, fed-

eral precedent constitutes persuasive, although not binding, authority on Missouri courts. *Id.* Because the parties have not cited us to any and our research has not found Missouri cases that specifically address this issue, we look to federal precedent for guidance.

Although Federal Rule 13(h), together with Federal Rules 19 and 20,[4] appear to give the district court broad power to join additional parties, the better understanding is that Federal

> Rule 13(h) only authorizes the court to join additional persons in order to adjudicate a counterclaim or crossclaim that already is before the court or one that is being asserted at the same time the addition of a nonparty is sought. This means that a counterclaim or crossclaim may not be directed solely against persons who are not already parties to the original action, but must involve at least one existing party.

6 Wright, Miller & Kane, Federal Practice and Procedure, section 1435 at pp. 270–71 (3d ed.); *F.D.I.C. v. Bathgate,* 27 F.3d 850, 873 (3d Cir.1994). Federal courts have continually held that Rule 13(h) cannot be used to assert a counterclaim or cross-claim solely against an unnamed party. *See, e.g., Brown v. Int'l Union, United Auto., Aerospace and Agric. Implement Workers of Am.,* 85 F.R.D. 328, 333 (W.D.Mich.1980) ("It is well established, however, that the cross-claim must include

---

**2.** It is clear that the addition of Cohen is also not appropriate under Rule 52.04, which provides for the joinder of a necessary and/or indispensable party. Whether Cohen is liable to Smither for any alleged violation of the FDCPA has no bearing on Smither's alleged liability to Discover Bank. We, however, make no determination whether a common question of fact exists in this case.

**3.** Missouri Rule 55.32(g) (Joinder of Additional Parties) states: "Parties other than those made parties to the original action may be

made parties to a counterclaim or cross-claim in accordance with the provisions of Rules 52.04 and 52.05." This is similar to Federal Rule 13(h): "Rules 19 and 20 govern the addition of a person as a party to a counterclaim or crossclaim."

**4.** Federal Rule 19 (Required Joinder of Parties) and Rule 20 (Permissive Joinder of Parties) are similar to Missouri Rules 52.04 and 52.05, respectively.

as cross-defendant at least one existing co-party. An additional party . . . may not be brought in where the cross-claim is directed solely against the new party."); *Microsoft Corp. v. Ion Tech. Corp.*, 484 F.Supp.2d 955, 965 (D.Minn.2007) (finding that defendants could not assert counterclaims for conversion, civil conspiracy, and breach of common law duty of loyalty solely against individuals who were not parties to the original action).[5]

■ We find the approach of these courts in applying Federal Rule 13(h) to unnamed parties to be sound and helpful in this Court's analysis of Rule 55.32(g). To permit a *defendant* to join unnecessary non-parties by simply filing a "cross-claim," which is independent from the original cause of action and does not involve an existing party, would pervert these carefully set out rules of civil procedure establishing when cross-claims can be brought, and would permit defendants to add third-parties under the guise of a "cross-claim" even though Missouri Rules place clear restrictions on when defendants may bring in a third party.[6] This would potentially result in needlessly intertwining multiple claims, some of which may be extraneous and improperly added under the Missouri rules.

■ As discussed previously, in order to add a new party to a suit for the purpose of adjudicating a cross-claim, the claim must have also been filed against an already existing party. *See AllTech Com-*

*munications, LLC v. Brothers*, 601 F.Supp.2d 1255, 1260 (N.D.Okla.2008) (interpreting that "Rule 13(h) cannot be used to assert a counterclaim or crossclaim solely against an unnamed party."). Smither's motion specifically sought to add a "CROSS CLAIM." Smither's cross-claim asserted a completely independent claim solely against Cohen; importantly Smither's cross-claim does not seek to counterclaim or cross-claim against any existing party (i.e., Discover Bank). It was also not asserted at the same time as the original claim against Discover Bank. As such, the addition of Cohen does not fit the requirements of Missouri Rule 55.32(g) for adding non-parties.

Missouri Rule 55.32(g) provides: "Parties other than those made parties to the original action may be made parties to *a counterclaim or cross-claim* in accordance with the provisions of Rules 52.04 and 52.05." (Emphasis added). This language assumes "a counterclaim or cross-claim" exists separate from the addition of the new party—it does not provide that non-parties may be added to assert a *new* cross-claim. Because Smither's cross-claim does not meet the requirements for adding a non-party under Rule 55.32, we need not discuss application of Rule 52.05.

■ Normally, however, where joinder is improper, separate actions can be initiated and later consideration may be given to the possibility of consolidation under

---

**5.** We note a minority view, not applicable to the facts of this case, which allows a defendant to bring claims against non-parties to the lawsuit pursuant to Rule 13(h) simply because the claims were asserted at the same time, i.e., within the same pleading, as claims against existing parties. *Various Markets, Inc. v. Chase Manhattan Bank*, 908 F.Supp. 459, 471 (E.D.Mich.1995).

**6.** Missouri Rule 52.11(a) provides:

At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and petition to be served upon a person not a party to the action who is or may be liable to the defending party for all or part of the plaintiff's claim against the defending party. This Rule is clearly not applicable in this case as there are no allegations Cohen may be liable to Smither for Discover Bank's claims against Smither.

Missouri Rule 66.01, which governs consolidation.

In conclusion, we find Rule 55.32 does not permit Smither to join an unnamed party solely for the purpose of asserting a new cross-claim. Thus, the trial court had no authority to grant Smither's motion. We hereby enter a permanent writ in prohibition directing the trial court to dismiss Cohen from the original action thereby prohibiting the trial court from adjudicating the cross-claim filed against Cohen there.

GARY W. LYNCH, P.J., and NANCY STEFFEN RAHMEYER, J., Concur.